UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY DEJUAN HOLLIS, #364977,

        Petitioner,

                             CASE NO. 2:06-CV-12428
v.                             HONORABLE PAUL D. BORMAN

BLAINE LAFLER,

        Respondent.
_____/

**ORDER GRANTING MOTION TO STAY PROCEEDINGS,
STAYING CASE WITH CONDITIONS, AND
CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I.    Introduction**

        Petitioner, an inmate at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court in 2003.  Petitioner was sentenced to 20 to 30 years imprisonment on the murder conviction, one to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

        In his current habeas pleadings, Petitioner raises claims concerning prosecutorial misconduct, insufficient evidence, and the admission of prior testimony.  This matter is before the Court on Petitioner's motion to stay the proceedings so that he may return to the state courts and exhaust state remedies as to additional claims concerning ineffective assistance of trial

1

counsel, a limitation on cross-examination, and the withholding of exculpatory evidence. Respondent has not filed a response to the motion. For the reasons set forth below, the Court grants Petitioner's motion, stays the proceedings with conditions, and closes the case for administrative purposes.

**II.     Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the

one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. The additional claims he seeks to pursue have not been exhausted and Petitioner asserts that he did not previously raise those claims in the state courts due to the failures of trial and appellate counsel. Additionally, the claims Petitioner seeks to exhaust concern constitutional issues and do not appear to be "plainly meritless." Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust state remedies.

**III.    Conclusion**

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to stay the proceedings and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Lastly, this case is **CLOSED for Administrative Purposes** pending compliance with

these conditions.

    **IT IS SO ORDERED**.

                                    s/Paul D. Borman  
                                    PAUL D. BORMAN  
                                  UNITED STATES DISTRICT JUDGE

Dated:  October 4, 2006

                            CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 4, 2006.

                                    s/Denise Goodine  
                                  Case Manager